IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ANTOINETTE K. HOLLIS, )  | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.  ) | CIVIL ACTION NO. 1:10cv173-WC |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

On May 25, 2010, Defendant filed an Unopposed Motion to Remand pursuant to sentence six of 42 U.S.C. § 405(g) (2000) (Doc. #11).  Defendant's motion asks the Court to remand this case for further proceedings "because the agency's claim file is not complete and contains medical evidence relating to another claimant."  Def.'s Mot. to Remand (Doc. #11) at 2.  The Commissioner states that the Appeals Council will remand the case to an administrative law judge for "a hearing and new decision."  *Id*.  Sentence six of 42 U.S.C. § 405(g) authorizes the Court to remand a case to the Commissioner for further action if the Commissioner files a motion to remand for good cause before filing an answer.  42 U.S.C. § 405(g).  Here, the Commissioner filed a Motion for Remand prior to filing his answer.  Thus, the Court must determine whether the Commissioner has demonstrated good cause.

The Joint Conference Committee of Congress, in reporting upon the Social Security Disability Amendments of 1980, set forth examples of what may constitute "good cause" for remand:

> Where, for example, the tape recording of the claimant's oral hearing is lost or inaudible, or cannot otherwise be transcribed, or where the claimant's files cannot be located or are incomplete, good cause would exist to remand the claim to the Secretary for appropriate action to produce a record. . . .

H.R. Rep. No. 96-944, 96th Cong., 2d Sess. 59 (1980); *see also Gamble v. Apfel*, 2001 WL 102344 at *1 (S. D. Ala. Jan. 5, 2001).

The Commissioner concedes that his agency's claim file pertaining to Plaintiff is incomplete and contains medical evidence unrelated to Plaintiff.  Accordingly, the Court finds Defendant has shown good cause for this matter to be remanded to the Commissioner for further proceedings pursuant to sentence six of 42 U.S.C. § 405(g).  It is therefore

ORDERED that:

A.   Defendant's Motion to Remand (Doc. #11) is GRANTED.

B.   This case is REMANDED for further proceedings pursuant to sentence six of 42 U.S.C. § 405(g).[1]

DONE this 1st day of June, 2010.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE

---

[1] The Court observes that with entry of this sentence six remand, it "does not rule in any way as to the correctness of the administrative determination." *Melkonyan v. Sullivan*, 501 U.S. 89, 98 (1991).  Thus, under sentence six, a "remand is not a final judgment under the [Equal Access to Justice Act (EAJA)], and the window for filing an EAJA application does not open until judgment is entered in the district court following completion of the remand proceedings." *Jackson v. Chater*, 99 F.3d 1086, 1095 (11th Cir. 1996).